# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FATIMAH AFSHAR, | Case No. 2:18-cv-00947-RFB-GWF |
| Plaintiff, | ORDER |
| v. | |
| WAL-MART STORES, INC., a foreign corporation; and DOES EMPLOYEES I through X, inclusive; and ROE ENTITITES I through X, inclusive, | |
| Defendants. | |

**I.  INTRODUCTION**

Before the Court is Plaintiff Fatimah Afshar's Motion to Remand to State Court. ECF No. 5. Defendant Wal-Mart Stores, Inc. opposed the motion, and Plaintiff replied. ECF Nos. 6, 7.

**II.  BACKGROUND**

Plaintiff sued Defendant in state court on February 26, 2018, alleging personal injuries caused by Defendant's negligence. ECF No. 1-2. The complaint describes Plaintiff's injuries as "serious," "severe," and "debilitating." Id. The complaint also describes Plaintiff's damages as "substantial" and "well in excess of [$15,000]." Id. The complaint ultimately seeks general damages in excess of $15,000, damages for medical costs, attorney's fees, and costs incurred from litigation. Id.

Plaintiff later petitioned for exemption from the state arbitration program on April 23, 2018. ECF No. 1-4. The petition for exemption states that Plaintiff suffered "serious injuries, including a traumatic brain injury." Id. It lists Plaintiff's injuries, including: a closed head injury; occipital neuralgia; left frontal hemorrhagic shearing (diffuse axonal injury; cervicogenic

headaches; cervical sprain; left upper extremity radiculopathy; paresthesia in right 3rd and 4th digits; C3-C4: 2 mm broad posterior disc protrusion; C4-C5: 3.5 mm central to left paracentral disc protrusion with annular tear; C5-C6: 4 mm broad posterior disc extrusion that migrates inferiorly and has an annular tear; C6-C7: 3 mm broad posterior disc extrusion that migrates superiorly and has an annular tear; and straightening of the lordotic curvature. The petition for exemption then itemizes Plaintiff's resulting medical expenses from the injuries, providing a total of $30,965 in medical costs. Id. Based on the forgoing information, the petition for exemption asserts that the probable jury award value will exceed $50,000. Id.

After receiving Plaintiff's petition for exemption, Defendant removed the matter to this Court on May 23, 2018. ECF No. 1. Plaintiff now moves to remand. ECF No. 5.

### III.  LEGAL STANDARD

A defendant may remove a matter first filed in state court to a federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over actions where the matter in controversy is greater than $75,000 if there is complete diversity between the plaintiff and each defendant. 28 U.S.C. § 1332(a).

When a matter is removable on the face of the initial pleading, a defendant must remove the matter within thirty days of service. 28 U.S.C. § 1446(b); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). When a matter is not removable on the face of the initial pleading, a defendant must remove the matter within "thirty days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper[.]" Id. at 695 (internal quotation omitted). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Id. at 694. Further, a matter may not be removed more than one year after the commencement of the action unless the plaintiff has acted in bad faith to prevent removal of the matter. 28 U.S.C. § 1446(c).

"Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved

against removability." Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (citation and quotation marks omitted). A federal court should remand a case to state court if any doubt exists as to the right to removal. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). Further, when "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Urbino v. Orkin Servs. of California, Inc., 726 F.3d 1118, 1121–22 (9th Cir. 2013).

**IV.    DISCUSSION**

The parties dispute whether this matter was removable on the face of the complaint. The Court finds it was not. While the complaint describes the amount of damages as "well in excess of $15,000" and the damages as "serious," "severe," and "debilitating," it ultimately prays for relief only in excess of $15,000. Thus, it does not provide sufficient notice that the amount in controversy likely exceeds the jurisdictional threshold of $75,000. If the complaint served as Defendant's basis for removal, the Plaintiff's allegations would have required Defendant to speculate that the eventual amount in controversy would likely exceed the jurisdictional threshold. Speculation is insufficient to establish removal jurisdiction. See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017); see also Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).

The Court also finds that the Plaintiff's petition for exemption similarly requires Defendant to speculate that the eventual amount in controversy will likely exceed $75,000. The petition for exemption seeks exemption from the state arbitration program based on a probable jury award value exceeding $50,000. It does not necessarily follow that the amount in controversy will likely exceed $75,000 merely because the probable jury award value might exceed a lesser value of $50,000. In fact, the petition for exemption does not establish that the probable jury award value will probably exceed $50,000 as it has yet to be granted; it instead establishes only that the amount of medical damages totals $30,965. Because Defendant removed the matter based on the

allegations contained in Plaintiff's petition for exemption, the Court finds that Defendant has not met its burden of establishing the jurisdictional threshold for the amount in controversy. The Court remands this matter to state court accordingly.

**V.  CONCLUSION**

**IT IS ORDERED** that Plaintiff Fatimah Afshar's Motion to Remand [ECF No. 5] is GRANTED.  The Clerk of the Court is instructed to remand this matter to the state court and close this case accordingly.

DATED: November 27, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**